# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DAVID LEE SMITH,**

      **Plaintiff,**

**vs.**                          **Case No. 4:17cv416-WS/CAS**

**STATE OF FLORIDA, et al.,**

      **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

On September 27, 2017, the pro se Plaintiff has filed a motion for recusal. ECF No. 9. Ruling on a motion for recusal must be guided by the requirements of 28 U.S.C. § 455(b). Pursuant to § 455, recusal is only required when an alleged bias is personal in nature or under the circumstances listed in § 455(b)(2)-(5). A judge's rulings are not valid grounds for recusal. Berger v. United States, 255 U.S. 22, 31, 41 S. Ct. 230, 232, 65 L. Ed. 481 (1921); Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (pointing out that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion."). Because Plaintiff does not assert a sufficient basis for recusal, his motion is

denied.  Plaintiff's displeasure with court orders is not a sufficient basis for recusal.

Plaintiff also filed a "motion of compliance to court orders."  ECF No. 10.  Plaintiff asserts that he wants to bond out of jail, claims that jail officials have blocked his bonds, and makes other general arguments pertaining to his state criminal case.  Those facts are not relevant to Plaintiff's ability to comply with the prior orders issued in this case.  Plaintiff contends that he can't comply because his criminal defense attorneys will not comply with his request that they provide him with his prior case numbers.  ECF No. 10 at 12-13.  Plaintiff does not need counsel to assist him to comply with the prior orders.  Moreover, Plaintiff does not need counsel to file an in forma pauperis motion.  He has been provided the form, but has not complied with the direction to file the form and demonstrate by providing a copy of his inmate bank account statement that he lacks funds to pay the fee.  Regardless of that fact, it is now clear that even if Plaintiff had filed such a motion, it could not be granted as explained below.

Plaintiff contends that "recent brain damages block [his] memory of any other lawsuits" he previously filed.  ECF No. 10 at 13.  However, Plaintiff did identify one other case he had previously filed: case number

Case No. 4:17cv416-WS/CAS

8:05cv873.  Judicial notice is taken that the case was filed in the Middle District of Florida, Tampa Division, and at that time, Plaintiff was incarcerated at the Florida State Prison.  His Department of Corrections inmate number was 668912.

Accordingly, Plaintiff has confirmed that he is the same David Lee Smith who previously filed case number 4:07cv156-RH/WCS in this Court.[1] The Report and Recommendation entered in that case explained that Plaintiff is a frequent filer who had more than three cases dismissed for the reasons listed in 28 U.S.C. § 1915(g).  That statute, enacted pursuant to the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

---

[1] In April of 2007, when that case was filed, Plaintiff was incarcerated at Union Correctional Institution.  Plaintiff's D.O.C. inmate number was 668912.

Case No. 4:17cv416-WS/CAS

Judicial notice is taken than Plaintiff David Lee Smith filed case number 1:06cv53-MP/AK in this Court which was dismissed pursuant to § 1915(g) because Plaintiff did not simultaneously pay the filing fee for the case and he was not otherwise entitled to proceed with in forma pauperis status.  See ECF Nos. 3, 7 of that case.  As long ago as 1998, Plaintiff was barred from filing cases in this Court without full prepayment of the filing fee.  See 4:98cv212.  Because Plaintiff is a "three striker" as previously determined by this Court in case number 4:07cv156-RH/WCS, he is not permitted to proceed in this Court without full prepayment of the filing fee absent allegations which reveal he is in imminent danger of serious physical injury.  Plaintiff's complaint, ECF No. 1, does not make that showing.  This case should be dismissed pursuant to 28 U.S.C. § 1915(g).

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for recusal, ECF No. 9, is **DENIED**.

2.  Plaintiff's motion of compliance, ECF No. 10, is **DENIED**.

Case No. 4:17cv416-WS/CAS

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED**

pursuant to 28 U.S.C. § 1915(g) and the Order adopting this Report and

Recommendation should direct the Clerk of Court to note on the docket

that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 5, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**